IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.  3:18-cv-669-CHB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY E. THOMPSON and | ) | |
| LINDA S. THOMPSON, CRYSTAL | ) | |
| THOMPSON, LARAMIE THOMPSON, | ) | |
| RICHARD THOMPSON, NINA LEE | ) | |
| THOMPSON, WELLS FARGO HOME | ) | |
| MORTGAGE, N.A., AND THE | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT TO FORECLOSE FEDERAL TAX LIENS**

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to obtain a enforce its federal tax liens, including nominee liens, against the property and rights to property owned by Larry E. Thompson and Linda S. Thompson; to foreclose such liens against real properties located at: 1) 6622 Brook Bend Way, Louisville, Kentucky (the "Brook Bend Property"), 2) 610 Valley College Drive, Louisville, Kentucky (the "Valley College Drive Property"), and 3) 9300 Shadow Bluff Court, Louisville, Kentucky (the "Shadow Bluff Court Property") (together "the Real Properties") through a court ordered sale of the Real Properties, the proceeds of the sale to be distributed to the United States toward satisfaction of the unpaid federal tax liabilities of Larry Thompson and Linda Thompson.

1

## JURISDICTION AND VENUE

1. The court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b) and 28 U.S.C. §1396, because it is the district where the taxpayers, Larry E. Thompson and Linda S. Thompson, reside and where the real property against which the United States seeks to enforce its liens situated.

## PARTIES

3. Plaintiff is the United States of America.

4. Larry E. Thompson and Linda S. Thompson are named as defendants in this action because they are the taxpayers against whom the unpaid federal tax liabilities at issue in this action are assessed and because they have an interest in the subject real properties.  Larry E. Thompson and Linda S. Thompson reside at 4305 Jasper Court, Louisville, Kentucky 40272.

5. Larry E. Thompson and Linda S. Thompson filed a Chapter 7 bankruptcy case on September 11, 2012, and received a discharge on April 18, 2013.  The federal tax liens that attached to the property or rights to property of Larry E. Thompson and Linda S. Thompson, separately or jointly, including the Real Properties, remain enforceable against such property even after discharge of personal liability.

6. The following individuals or entities are named as defendants because they may claim an interest on one or more of the Real Properties which are the subject of this action:

   a. Richard H. Thompson, Larry E. Thompson's father and the co-mortgagee, with his wife Nina Lee Thompson, of the Valley College Drive Property and the holder of a vendor's lien on the Shadow Bluff Property;

b. Nina Lee Thompson, Richard H. Thompson's wife and co-mortgagee of the Valley College Drive Property;

c. Crystal L. Thompson, the daughter of Larry Thompson and Linda Thompson, holds title to the Brook Bend Way property and the Shadow Bluff Court property from her parents;

d. Laramie C. Thompson, the son of Larry Thompson and Linda Thompson, who received title to the Valley College Drive property from his parents for little or no consideration;

e. Wells Fargo Home Mortgage by virtue of a mortgage recorded on December 18, 2011 with the Jefferson County Recorder, at book 6479 , page 161; and

f. The Commonwealth of Kentucky by virtue of Notice of State Tax Lien recorded on November 6, 2007 and with the Jefferson County Recorder, at book 129, page 746.

### The Federal Tax Assessments

7. Defendant-taxpayers Larry E. Thompson and Linda S. Thompson filed U.S. Individual Income Tax returns (Forms 1040) for the taxable years ending on December 31, 2005, December 31, 2006, December 31, 2007, and December 31, 2009.  In accordance with the tax liabilities reported on those returns, a representative of the Secretary of the Treasury properly and timely made assessments against Larry E. Thompson and Linda S. Thompson for the unpaid individual income taxes, penalties, and interest as follows:

| Tax Type | Tax Period Ending | Assessment Date | Outstanding Balance as of August 28, 2018 |
|---|---|---|---|
| Individual Income Tax (Form 1040) | 12/31/2005 | 11/27/2006 | $39,718.12 |
| Individual Income Tax (Form 1040) | 12/31/2006 | 12/10/2007 | $226,417.74 |

3

| Individual Income Tax (Form 1040) | 12/31/2007 | 10/27/2008 | $54,895.49 |
| Individual Income Tax (Form 1040) | 12/31/2009 | 11/15/2010 | $60,575.59 |

8. Notice of each assessment and demand for its payment was given and despite such notice and demand Larry E. Thompson and Linda Thompson failed and refused to pay fully the amounts due.

9. Pursuant to 26 U.S.C. §§ 6321 and 6322, tax liens in favor of the United States arose on the dates of the assessments of the tax liabilities described, above, and attached to all property and rights to property belonging to defendants Larry E. Thompson and Linda S. Thompson, including the Real Properties.

10. On the dates shown below, all of which are prior to the filing of the Thompsons' Chapter 7 bankruptcy case, the Internal Revenue Service recorded in the County Clerk's office of Jefferson County, Kentucky, notices of federal tax lien against Larry E. Thompson and Linda S. Thompson:

| Tax Period Ending | Date Lien Recorded | Tax Type(s) |
| --- | --- | --- |
| 12/31/2005 | 12/02/2007 | Individual Income |
| 12/31/2006 | 11/12/2008 | Individual Income |
| 12/31/2007 | 03/04/2009 | Individual Income |
| 12/31/2009 | 04/05/2011 | Individual Income |

## COUNT I – ENFORCE FEDERAL TAX LIENS AND NOMINEE LIENS AGAINST THE BROOK BEND WAY PROPERTY

11. The United States incorporates paragraphs 1 through 10 by reference, as if fully set forth herein.

4

12. Larry E. Thompson acquired the Brook Bend Way property by deed dated June 26, 2003, subject to a mortgage in favor of North American Mortgage Company.  Exhibit A.  That mortgage was later acquired by Wells Fargo Home Mortgage.

13. By General Warranty Deed entered into on January 5, 2011, Larry E. Thompson transferred the Brook Bend Way property to his daughter, Crystal L. Thompson, for the purchase price of $130,000.  Exhibit B.

14. Crystal Thompson took the Valley College Way Property subject to the already recorded federal tax liens for 2005, 2006, and 2007.

15. Larry E. Thompson transferred the Brook Bend Way Property to Crystal L. Thompson with actual intent to defraud and/or as a nominee of Larry Thompson and in an attempt to prevent the Internal Revenue Service from selling the property to collect Larry Thompson's tax liabilities.

16. Crystal L. Thompson is a nominee of Larry E. Thompson because Larry E. Thompson had all of the benefits and was responsible for all of the burdens of ownership of the Brook Bend Way Property.

17. Because Crystal Thompson acquired title to the Brook Bend Way Property as Larry E. Thompson's nominee, the United States' tax liens for 2005, 2006, 2007, and 2009 against Larry Thompson attached to the Brook Bend Way Property, and thus the United States has valid and subsisting liens against the property.

18. Because the conveyance was made with actual intent to defraud creditors, the conveyance to Crystal Thompson is fraudulent.

19. By reasons of the foregoing, the United States is entitled to enforce its federal tax liens against the Brook Bend Way Property and have it sold, with the proceeds of the sale to be distributed to the United States to be put towards the satisfaction of the unpaid federal tax liabilities for 2005-2007 and 2009 of Larry E. Thompson.

WHEREFORE Plaintiff the United States of America, prays as follows:

A.  That this Court order and adjudge that the United States of America has valid and subsisting federal tax liens on all property and rights to property of Larry Thompson, including his interest in the Brook Bend Way Property;

B.  That the Court determine that Crystal Thompson is the nominee of Larry Thompson with respect to the Brook Bend Way Property; or in the alternative, that the Brook Bend Way Property was fraudulently transferred to Crystal Thompson such that the United States may enforce its federal tax liens arising from the assessments of taxes discussed above against the Brook Bend Way Property;

C.  That the Court order and adjudge that the federal tax liens attaching to the Brook Bend Way Property be foreclosed and the property sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein, and that the proceeds of the sale be distributed to the United States toward satisfaction of the unpaid 2005-2007 and 2009 tax liabilities of Larry E. Thompson and, to the extent established by such other claimant, the amount of their claim in the order of priority established.

## COUNT II – ENFORCE FEDERAL TAX LIENS AND NOMINEE LIENS AGAINST THE SHADOW BLUFF COURT PROPERTY

20. The allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated by reference herein.

21. Larry E. Thompson and Linda S. Thompson acquired the property at 9300 Shadow Bluff Court, Louisville, Kentucky from Larry Thompson's father, Richard Thompson, and Richard Thompson's wife, Nina Lee Thompson, on July 9, 2010, for the price of $175,000.  Larry Thompson and Linda Thompson purportedly paid $20,000 in cash for the property, with a mortgage note securing the balance. The property was transferred by a Vendor's Lien deed (Exhibit C), which reserved a lien in favor of Richard Thompson to secure the note in the amount of $155,000. (Exhibit D.)

22. On January 5, 2011, Larry E. Thompson and Linda S. Thompson transferred the Shadow Bluff Court Property to their daughter Crystal Thompson by General Warranty Deed, purportedly for the purchase price of $175,000, and subject to the vendor's lien securing the mortgage from Richard and Nina Lee Thompson. (Exhibit E.)

23. Crystal Thompson took the Valley College Way Property subject to the already recorded federal tax liens for 2005, 2006, and 2007.

24. Larry E. Thompson and Linda S. Thompson transferred the Shadow Bluff Court Property to Crystal Thompson with actual intent to defraud and/or as a nominee of Larry and Linda Thompson and in an attempt to prevent the Internal Revenue Service from selling the property to collect Larry and Linda Thompson's tax liabilities.

25. Crystal Thompson is a nominee of Larry and Linda Thompson because Larry and Linda Thompson had all of the benefits and was responsible for all of the burdens of ownership of the Shadow Bluff Court Property.

26. Because Crystal Thompson acquired title to the Shadow Bluff Court Property as the nominee Larry and Linda Thompson, nominee, the United States' tax liens against Larry and Linda

Thompson attached to the Valley College Drive Property, and thus the United States has valid and subsisting liens against the property.

27. Because the conveyance was made with actual intent to defraud creditors, the conveyance to Crystal Thompson is fraudulent.

28. By reasons of the foregoing, the United States is entitled to enforce its tax liens against the Shadow Bluff Court Property and have it sold, with the proceeds of the sale to be distributed to the United States to be put towards the satisfaction of the unpaid federal tax liabilities for 2005-2007 and 2009 of Larry E. Thompson.

WHEREFORE Plaintiff the United States of America, prays as follows:

D. That this Court order and adjudge that the United States of America has valid and subsisting federal tax liens on all property and rights to property of Larry Thompson and Linda Thompson, including their interests in the Shadow Bluff Court Property;

E. That the Court determine that Crystal Thompson is the nominee of Larry Thompson and Linda Thompson with respect to the Shadow Bluff Court Property; or in the alternative, that the Shadow Bluff Court Property was fraudulently transferred to Crystal Thompson such that the federal tax liens arising from the assessments of taxes discussed above attach to the Shadow Bluff Court Property;

F. That the Court order and adjudge that the federal tax liens attaching to the Shadow Bluff Court Property be foreclosed and the property sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein, and that the proceeds of the sale be distributed to the United States toward satisfaction of the unpaid 2005-2007 and 2009 tax liabilities of Larry E. Thompson and, to the extent established by such other claimant, the amount of their claim in the order of priority established.

## COUNT III – FORECLOSE FEDERAL TAX LIENS AND NOMINEE LIENS AGAINST THE VALLEY COLLEGE DRIVE PROPERTY

29. The allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated by reference herein.

30. Larry Thompson acquired the property at 610 Valley College Drive, Louisville, Kentucky, from his father, Richard Thompson, and his father's wife, Nina Lee Thompson, on September 29, 1998, for $30,000.  (Exhibit F.)  That transfer was amended by a Deed of Correction on September 9, 2011. (Exhibit G.)

31. On September 9, 2011, Larry Thompson and Linda Thompson purported to enter into a mortgage in the amount of $175,000, with Richard Thompson listed as the mortgagee, though Linda Thompson has no apparent claim on or interest in the property. (Exhibit H.)

32. The note which secures said mortgage is payable on demand, with no periodic payments due.

33. By General Warranty Deed entered into on September 10, 2011, Larry Thompson and Linda Thompson transferred the Valley College Way Property to their son, Laramie C. Thompson, purportedly for the price of $30,000 and purportedly subject to the $175,000 mortgage from Richard Thompson and Nina Thompson.  (Exhibit I.)

34. Laramie C. Thompson took the Valley College Way Property subject to the already recorded federal tax liens for 2005, 2006, and 2007.

35. By reason of the foregoing, the United States is entitled to enforce its tax liens against the Valley College Drive Property and have it sold, with the proceeds of the sale to be distributed to the United States to be put towards the satisfaction of the unpaid federal tax liabilities for 2005-2007 and 2009 of Larry E. Thompson.

WHEREFORE Plaintiff the United States of America, prays as follows:

G.  That this Court order and adjudge that the United States of America has valid and subsisting federal tax liens on all property and rights to property of Larry Thompson and Linda Thompson, including their interests in the Valley College Drive Property;

H.  That the Court order and adjudge that the federal tax liens attaching to the Valley College Drive Property be foreclosed and the property sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein, and that the proceeds of the sale be distributed to the United States toward satisfaction of the unpaid 2005-2007 and 2009 tax liabilities of Larry E. Thompson and, to the extent established by such other claimant, the amount of their claim in the order of priority established.

Dated: October 10, 2018

RUSSELL M. COLEMAN
United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ MEGAN E. HOFFMAN
MEGAN E. HOFFMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
Tel: (202) 616-3342
Fax: (202) 514-6866
Megan.e.hoffman-logsdon@usdoj.gov

DB 08182 PG 0024

# WARRANTY DEED

THIS DEED, made this 26th day of June, 2003, by and between Curtis L. Barker and wife, Waynette L. Barker; Grantors whose mailing address is 1503 Oxford Drive Mansfield, TX 76063
and Larry Thompson; Grantee of 4811 South Third Street, Louisville, Kentucky 40214.

WITNESSETH: That, for a valuable consideration in the amount of ($135,724.03), the receipt of which is hereby acknowledged, the Grantors hereby convey unto the Grantee, in fee simple, with covenant of General Warranty, the following-described property located in Jefferson County, Kentucky, to-wit:

Being Lot 43, Spring Station Subdivision, Section 2, a plat of which is of record in Plat and Subdivision Book 44, page 79, in the office of the Clerk of Jefferson County, Kentucky.

Being the same property conveyed to the Grantors by Deed dated November 30, 1999 recorded in Deed Book 7365, page 293, in the office of the Clerk aforesaid.

This conveyance is made subject to that certain mortgage dated December 18, 2001 recorded in Mortgage Book 6479, page 161, to North American Mortgage Co./MERS, assigned to Washington Mutual of record in the Clerk's office aforesaid, which Grantee hereby assumes and agrees to pay; Provided, however, that a proper release of said mortgage shall operate as a full release of any lien retained herein to secure said assumption.

The Grantors and Grantee hereto state the consideration reflected in this deed is the full consideration paid for the property. The grantee joins this Deed for the sole purpose of certifying the consideration pursuant to KRS Chapter 382.

The Grantors further covenant lawful seizin of the estate hereby conveyed, with full power to convey the same, and that said estate is free of encumbrances except restrictions and easements of record, and State, County, School, and City, if any, taxes due and payable in 2003 and all subsequent taxes which Grantee does hereby assume and agree to pay.



GOVERNMENT
EXHIBIT
A

08182PG0025

IN TESTIMONY WHEREOF, WITNESS the signatures of the Grantors and the Grantee.

Larry Thompson

Curtis L. Barker, Grantor

Waynette L. Barker, Grantor

Larry Thompson, Grantee

STATE OF TEXAS
COUNTY OF

    I hereby certify that the foregoing deed was acknowledged and sworn to before me this 23rd day of June, 2003, by Curtis L. Barker and wife, Waynette L. Barker (Grantors).

TOMIA L. BARTON
Notary Public, State of Texas
My Comm. Expires 7/2/05

NOTARY PUBLIC
Texas
~~KENTUCKY~~ STATE AT LARGE
My commission expires:
July 02, 2005

THE INSTRUMENT PREPARED BY:

SALYERS & BUECHLER, P.S.C.
6200 Dutchmans Lane, Suite 204
Lousiville, KY  40205
(502) 452-9222

(Seal)

DB 08182PG0026

STATE OF KENTUCKY
COUNTY OF JEFFERSON

    I hereby certify that the foregoing deed was acknowledged and sworn
to before me this 30 day of June, 2003 by Larry Thompson, (Grantee).

                                    _Deems B Dige_
                                    Notary Public
                                    My commission expires: _4/25/6 JT_

Document No.: DH2003148330
Lodged By: salyers
Recorded On:   07/08/2003    09:47:29
Total Fees:          148.00
Transfer Tax:        136.00
County Clerk: Bobbie Holsclaw-JEFF CO KY
Deputy Clerk: DONREI

**END OF DOCUMENT**

DB 9849 PG 0870

# GENERAL WARRANTY DEED

**THIS DEED**, is made and entered into on January 05, 2011, by and between Larry E. Thompson and Linda S. Thompson, husband and wife; **("Grantors")** whose mailing address is 4811 S. Third St., Louisville, KY 40214 and Crystal L. Thompson, ("Grantee") Daughter of Grantors, whose mailing address is 4811 S. Third St., Louisville, KY 40214. (*Also Tax Billing Address*)

## WITNESSETH

For a total consideration of $130,000.00, receipt of which is hereby acknowledged, the Grantors hereby convey unto the Grantee with covenant of General Warranty Deed, the following-described property in Jefferson County, Kentucky, to-wit:

BEING Lot 43, SPRING STATION SUBDIVISION, SECTION 2, plat of which is recorded in Plat and Subdivision Book 44, Page 79, in the office of the clerk of Jefferson County, Kentucky.

Being the same property conveyed to Larry E. Thompson and Linda S. Thompson, by Deed dated June 26, 2003 of record in Deed Book 08182, Page 0024 in the office of the Clerk of Jefferson County, Kentucky.

This conveyance is made subject to that certain mortgage dated December 18, 2001 recorded in Mortgage Book 6479, Page 161, to North American Mortgage Co./MERS, assigned to Washington Mutual of record in the Clerk's office aforesaid, which Grantee hereby assumes and agrees to pay; Provided, however, that a proper release of said mortgage shall operate as a full release of any lien retained herein to secure said assumption.

Grantors covenant lawful seizin of the estate hereby conveyed, with full right and power to convey the same, and that said property is free and clear of liens and encumbrances, except restrictions and easements of record, and real property taxes and assessments due and payable in 2011 and thereafter, which Grantee does hereby assume and agree to pay.

## Consideration Certificate

The Grantors and Grantee hereby certify that the consideration set forth in this Deed is the full actual consideration paid for the property. The Grantee joins in this Deed for the sole purpose of certifying the consideration pursuant to KRS Chapter 382.

This transfer is exempt from any transfer tax pursuant to KRS 142.050(7)(1) as a transfer between parent and child.

1



GOVERNMENT
EXHIBIT
B

PENGAD 800-631-6989

DB 9849PG0871

IN TESTIMONY WHEREOF, **WITNESS** the signatures of the Grantors and Grantee;

**GRANTORS:**                                     **GRANTEE:**
Larry E. Thompson                             Crystal L. Thompson

_____                 _____
Larry E. Thompson                             Crystal L. Thompson

Linda S. Thompson

_____
Linda S. Thompson

COMMONWEALTH OF KENTUCKY          )
                                                          )SS
COUNTY OF JEFFERSON                        )

     The foregoing instrument was acknowledged and sworn to before me this 5th day of January, 2011, by, Larry E. Thompson and Linda S. Thompson, husband and wife, and Crystal L. Thompson.

My commission expires: FEB 18, 2014

_____
Notary Public

This instrument prepared by:
Larry E. Thompson, Grantor
4811 S. Third Street
Louisville, KY 40214

David L. Messer
Notary Public, ID No 414096
State at Large, Kentucky
My Commission Expires Feb. 18, 2014

END OF DOCUMENT

Document No.: DN2012031186
Lodged By: THOMPSON
Recorded On:   03/02/2012        02:34:55
Total Fees:                    17.00
Transfer Tax:                    .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: EVEMAY

2

DB 09589 PG 0547

$q$

## VENDORS LIEN DEED

**THIS VENDORS LIEN DEED** is made and entered into as of July _9_, 2010, from

        **RICHARD H. THOMPSON** and
        **NINA L. THOMPSON**, his wife
        4811 South Third Street
        Louisville, Kentucky 40214           ("Grantors")

to

        **LARRY E. THOMPSON** and
        **LINDA S. THOMPSON**, his wife
        4811 South Third Street
        Louisville, Kentucky 40214           ("Grantees").

## WITNESSETH

For a total consideration of ONE HUNDRED SEVENTY FIVE THOUSAND AND 00/100 DOLLARS ($175,000.00), the receipt and sufficiency of TWENTY THOUSAND AND 00/100 DOLLARS ($20,000.00) are acknowledged and the balance of ONE HUNDRED FIFTY FIVE THOUSAND AND 00/100 DOLLARS ($155,000.00) is evidenced by a Promissory Note from Grantees payable to the order of Richard H. Thompson dated as of July _9_, 2010 (the "Note"), bearing interest as set forth in the Note, Grantors grant and convey to Grantees for their joint lives with remainder in fee simple to the survivor of them and with covenant of General Warranty the real property located at 9300 Shadow Bluff Court in Louisville, Jefferson County, Kentucky, which is more particularly described on **EXHIBIT A** attached hereto and made a part hereof (the "Property"). The principal and interest of the Note are to be paid in full on or before July _31_, 2025, the final maturity date thereof. To secure the payment of the Note, a lien is retained herein on the Property (this "Lien").

Grantors covenant (a) lawful seisin of the Property, (b) full right and power to convey same, and (c) that the Property is free and clear of all liens and encumbrances, except (i) this Lien, and (ii) liens for real property taxes and assessments due and payable in 2010, and thereafter, which Grantees assume and agree to pay. This conveyance is made subject to all (A) easements, restrictions and stipulations of record, and (B) governmental laws, ordinances and regulations affecting the Property.



**GOVERNMENT EXHIBIT**
C
PENGAD 800-631-6989

DB 0 9 5 8 9 PG 0 5 4 8

For purposes of KRS 382.135, Grantors and Grantees, by execution of this Deed, certify that the consideration reflected in this Deed is the full consideration paid for the Property. This conveyance is exempt from the Kentucky transfer tax pursuant to KRS § 142.050(7)(l).

For purposes of KRS 382.135, the in-care-of address to which the property tax bill for 2010 may be sent to is: 4811 South Third Street, Louisville, Kentucky 40214.

As further security for the payment of the indebtedness evidenced by the Note, Grantees covenant and agree as follows:

## TERMS AND CONDITIONS

1.  **Good Title**.  Grantees covenant (a) lawful seisin of the Property, (b) full right and power to mortgage and convey the same, and (c) that the same is free from all liens and encumbrances, except for (i) easements, restrictions and stipulations of record as to use, improvement and occupancy of the Property, (ii) governmental laws, ordinances and regulations affecting the Property, (iii) liens for real property taxes and assessments not yet due and payable, and (iv) this Lien.

2.  **Payment of the Note**.  Grantees shall pay, when due, the principal of the Note and interest thereon.

3.  **Taxes, Assessments and Liens**.  Grantees shall pay, when due, all taxes and assessments of every type and nature levied or assessed against all or any part of the Property or any interest therein, and any claim, lien or encumbrance against the Property which may be or become prior to the lien of this Lien, and if requested by Grantors, to deliver or exhibit receipts therefor to Grantors at least 15 days before the same shall become delinquent.

4.  **Insurance**.  Grantees shall (a) keep any and all improvements now existing or hereafter located on the Property insured as may be required from time to time by Grantors against loss or damage from the perils insured against by the standard fire and extended coverage insurance policy in use in the Commonwealth of Kentucky in such amounts and for such periods as Grantors may require, and (b) pay promptly, when due, any and all premiums for such insurance.  All insurance shall be carried with companies approved by Grantors, and certificates of the insurance policies and renewals thereof shall be delivered to Grantors and have attached thereto loss payable clauses in favor of and in form acceptable to Grantors.  In the event of loss, Grantees shall give immediate notice sent postage prepaid by certified mail, return receipt requested, to Grantors.  Grantors may make proof of loss if not made promptly by Grantees.  Each insurance company concerned is authorized and directed to make payment for such loss directly to Grantors, instead of to Grantees and Grantors jointly. All or any part of the insurance proceeds may, at the option of Grantors, be applied by

-2-

DB 0 9 5 8 9 PG 0 5 4 9

Grantors either to (i) the reduction of the indebtedness secured hereby, or (ii) the restoration of the Property. In the event of foreclosure of this Lien, or other transfer of title to the Property in extinguishment of the indebtedness secured hereby, then all right, title and interest of Grantees in and to any insurance policies then in force shall pass to the purchaser or grantee.

5.    **Escrow for Taxes and Insurance**.    If required by Grantors, then Grantees shall make monthly deposits with Grantors in a non-interest bearing escrow account, together with and in addition to payments by Grantees of principal of the Note and interest thereon, of an amount equal to (a) one-twelfth of the yearly taxes and assessments which may be levied against the Property, and (b) one-twelfth of the insurance premiums becoming due for the insurance policy required by Paragraph 4. The amount of such taxes, assessments and insurance premiums, when unknown, shall be estimated by Grantors. Such escrow amounts shall be used by Grantors to pay, when due, such taxes, assessments and insurance premiums. Grantees shall, on demand, pay to Grantors any insufficiency of such escrow account to pay such charges when due. If Grantees default under any term, covenant or condition of this Lien, then Grantors may apply any funds in said escrow account against the indebtedness secured hereby. The enforceability of the terms, covenants and conditions relating to taxes, assessments and insurance, as otherwise provided herein, shall not be affected, except insofar as those obligations have been met by compliance with this Paragraph 5. Grantors may, at their option from time to time, waive and after any such waiver, reinstate any or all terms, covenants or conditions herein requiring such deposits, by written notice to Grantees. While any such waiver is in effect, Grantees shall pay taxes, assessments and insurance premiums as provided herein.

6.    **No Waste; Repairs**.    Grantees shall (a) maintain the Property in good condition and repair, (b) not commit or suffer waste thereof, (c) comply with any and all laws, ordinances, rules, regulations, covenants, conditions and restrictions affecting the Property, and not suffer or permit any violation thereof, and (d) not remove, demolish or alter the design or structural character of any building now existing or hereafter erected on the Property, unless Grantors gives their prior written consent thereto.

7.    **Late Charge**.    If any installment of principal of the Note or interest thereon is not received on or before the tenth day of the month in which it is due, then Grantees shall pay Grantors a late charge of five percent of the amount of the installment so overdue. An additional late charge of five percent may be charged on the first day of each and every calendar month thereafter until the delinquent amounts of principal, interest and late charges are paid in full.

8.    **Default and Remedies for Taxes, Assessments and Insurance**.    If Grantees fail to (a) maintain the insurance provided for herein, (b) deliver certificates of the insurance policy or policies to Grantors, (c) pay the cost of such insurance, (d) pay

-3-

DB 0 9 5 8 9 PG 0 5 5 0

taxes and assessments, or (e) promptly make repairs and replacements to the Property, then Grantors may, at their option, procure and pay for such insurance, pay such taxes or assessments, or cause such repairs or replacements to be effected. Grantees shall, on demand, pay to Grantors the money so advanced by Grantors, with interest thereon at the default rate of interest provided in the Note, and such advances shall be secured by this Lien and the lien therefor shall be deemed equal in dignity to the lien securing the other indebtedness secured hereby.

9.    **Events of Default**.   The following shall constitute events of default hereunder:

(a)    Grantees fail to (i) pay any installment of principal of the Note or interest thereon as provided for in the Note after the same becomes due, (ii) pay, when due, taxes and assessments, (iii) keep the improvements now existing or hereafter erected on the Property insured against loss or damage as provided herein, (iv) pay, when due, the premiums for such insurance, (v) keep the Property in good condition and repair, or (vi) keep or perform any other term, covenant or condition of this Lien.

(b)    A proceeding is instituted involving title to all or any part of the Property including, without limitation, the foreclosure of any mortgage or any other lien against the Property.

(c)    Grantees are adjudged bankrupt in either a voluntary or involuntary proceeding.

(d)    Grantees fail to comply with the terms, covenants and conditions of any other permitted lien or encumbrance affecting the Property.

10.    **Remedies**.

(a)    Upon the happening of any event of default and at any time thereafter, Grantors may, without notice to Grantees, (i) declare the entire indebtedness secured hereby to be immediately due and payable, and forthwith proceed to collect the same and to enforce this Lien by suit or otherwise, and (ii) enter on the Property, collect the rents, issues and profits therefrom, and after paying all expenses and a reasonable compensation for itself, apply the remainder of the money collected to the satisfaction of the indebtedness secured hereby.

(b)    If any event of default (as set forth in Paragraph 9) occurs, then Grantors may, at their option, apply to any court of competent jurisdiction for the appointment of a receiver for the Property to manage the same and to collect the rents, issues and profits therefrom, and after deducting the costs and expenses of such receivership and a reasonable compensation for the services of the receiver, apply the

DB 0 9 5 8 9 PG 0 5 5 1

remainder of the money collected to the satisfaction of the indebtedness secured hereby. It is further agreed that the grounds for the appointment of a receiver set out herein shall be in addition to and not in limitation of the statutory remedy of receivership and may be invoked either in aid of, or without proceeding for, the foreclosure and sale of the Property. Grantees shall pay the reasonable attorneys' fees and legal expenses incurred by Grantors in the event of a default hereunder to the extent that such attorneys' fees and legal expenses are actually paid or agreed to be paid by Grantors, except for such attorneys' fees and legal expenses paid by Grantors to a salaried employee of Grantors. This Lien shall secure payment to Grantors by Grantees of such attorneys' fees and legal expenses.

11.   **No Waivers**.  No delay by Grantors in the exercise of any of its rights or remedies hereunder, or otherwise afforded by statute, at law or in equity, shall operate as a waiver thereof, or preclude the exercise thereof during the continuance of any event of default hereunder. An express waiver of any obligation of Grantees shall not at any time thereafter be held to be a waiver of any of the terms, covenants or conditions of this Lien, except as specified in the express waiver, and then only for the time and to the extent stated in the express waiver.

12.   **Transfer of the Property**.  Title to the Property shall not be transferred without the prior written consent of Grantors, which consent shall not be unreasonably withheld or delayed.  No matter if title to the Property is transferred with the consent of Grantors, such transfer shall not operate to release, discharge, modify, change or affect the original liability of Grantees or any subsequent person(s) who becomes obligated by reason of the assumption of the indebtedness secured hereby.

13.   **Powers of Grantors**.  Without affecting (a) the liability of Grantees or any subsequent person(s) who becomes obligated (except any person expressly released in writing) to pay any indebtedness secured hereby or to perform any duty or obligation contained herein, and (b) the rights of Grantors with respect to any security not expressly released in writing, Grantors may, at any time and from time to time, either before or after the maturity of the Note and without notice or consent, (i) release any person(s) liable for payment of all or any part of the indebtedness secured hereby or for performance of any obligation contained herein, (ii) make any agreement extending the time or otherwise altering the terms of payment of all or any part of the indebtedness secured hereby, modifying or waiving any obligation, or subordinating, modifying or otherwise dealing with the lien or charge thereof, (iii) exercise, or refrain from exercising, or waive any right Grantors may have, (iv) accept additional security of any kind, and (v) release or otherwise deal with any property, real or personal, securing the indebtedness, including, without limitation, all or any part of the Property.

14.   **Additional Security**. As further security for payment of the indebtedness secured hereby and performance of the terms, covenants and conditions hereunder,

-5-

DB 0 9 5 8 9 PG 0 5 5 2

Grantees transfer, set over and assign to Grantors all judgments, damage awards and settlements hereafter made as a result of or in lieu of any taking of all or any part of the Property under the power of eminent domain, or for any damage (whether caused by such taking or otherwise) to all or any part of either the Property or the Improvements now existing or hereafter erected thereon, including, without limitation, any award for change of grade of streets. Grantors may apply all or any part of such amounts so received on the indebtedness secured hereby in such manner as it elects, or may, at its option, release all or any part of such amounts so received.

16. **Change in Taxation**. In the event of any change in the laws now in force for the taxation of mortgages or indebtedness secured by mortgages, or the manner of collection of any such taxes, so as to affect this Lien, then all principal secured by this Lien and interest thereon, shall, at the option of Grantors and without notice to any party, become immediately due and payable.

16. **Leases**. Grantees shall assign to Grantors any and all present and future leases of all or any part of the Property should Grantors, at their sole option, request such assignment(s).

17. **Other Liens**. No other mortgage, lien or equity position, other than this Lien, whether superior or inferior to the lien of this Lien, shall be placed or allowed to exist on the Property without the prior written approval of Grantors.

18. **Subsequent Agreement**. Any agreement made hereafter by Grantees and Grantors pursuant to this Lien shall be superior to the rights of the holder of any intervening lien or encumbrance.

19. **Renewal, Extensions and Additional Indebtedness**. This Lien shall secure (a) all renewal notes executed in lieu of the Note, (b) any extensions of the Note, and (c) any additional indebtedness not to exceed the amount of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), which Grantees may owe to Grantors, whether direct, indirect, future, contingent or otherwise and whether arising under this Lien or otherwise.

20. **Benefit and Binding Effect**. The terms, covenants and conditions contained herein shall be binding upon, and shall inure to the benefit of, the parties hereto, their respective heirs, legal representatives, successors and assigns.

21. **Joint and Several Liability**. In the event that more than one individual, firm, corporation, partnership or other entity execute this Lien on behalf of any party hereto, then the terms, covenants and conditions contained herein shall be applicable to and binding upon each signatory, jointly and severally.

-6-

DB 0 9 5 8 9 PG 0 5 5 3

22.   **Construction of this Deed**.  Wherever used, the singular number shall include the plural, the plural the singular and the use of any gender shall include all genders.

23.   **Governing Law**.   This Lien shall be governed by and construed in accordance with the laws of the Commonwealth of Kentucky.

**PROVIDED, HOWEVER,** that if Grantees pay in full the indebtedness secured hereby and performs all terms, covenants and conditions hereof, then Grantors shall, at the sole cost and expense of Grantees, immediately release this Lien on the request of Grantees.

**IN WITNESS WHEREOF,** Grantors and Grantees have executed this Deed as of the date first set forth above, but actually on the dates set forth below.

**GRANTORS:**

Richard H. Thompson

Nina L. Thompson

Date: July  9  , 2010

**GRANTEES:**

Larry E. Thompson

Linda S. Thompson

Date: July  09  , 2010

-7-

## PROMISSORY NOTE

$155,000.00

July *9*, 2010
Louisville, Kentucky

For value received, the undersigned, LARRY E. THOMPSON and LINDA S. THOMPSON, his wife, 4811 South Third Street, Louisville, Kentucky 40214 ("Maker") jointly and severally promise to pay to the order of RICHARD H. THOMPSON, 4811 South Third Street, Louisville, Kentucky 40214 ("Lender"), the principal amount of ONE HUNDRED FIFTY FIVE THOUSAND DOLLARS ($155,000.00) together with interest payable annually on the principal of this Note from time to time outstanding at an annual interest rate equal to four percent (4%). Principal and all accrued but unpaid interest thereon are due and payable on or before July *31*, 2025.

All or any part of the outstanding principal of this Note may be prepaid at any time without prepayment penalty or premium.

If Maker shall fail to pay this Note when due, then the holder of this Note may, at his/her option and without notice, elect to declare all indebtedness to be immediately due and payable and may forthwith proceed to collect same. Failure of the holder to so exercise this option shall not amount to a waiver of the right to exercise same at any subsequent time.

Maker hereby waives presentment, demand, protest and notice of dishonor and delay in bringing suit against any and all parties thereto.

All parties to this Note, whether makers, sureties, guarantors, endorsers, accommodation parties or otherwise, jointly and severally, agree to pay all costs of collecting this Note, including, without limitation, reasonable legal fees and expenses, incurred by the holder of this Note in the event of default hereunder.

This Note is secured by a Mortgage from Maker to Lender dated July *9*, 2010, with respect to the property located at 9300 Shadow Bluff Court, Louisville, Kentucky, and recorded in the Office of the Clerk of Jefferson County, Kentucky.

Larry E. Thompson

Linda S. Thompson

GOVERNMENT EXHIBIT
D
PENGAD 800-631-6989

11/2015   9:26AM  (GMT-05:00)

DB 0 9 5 8 9 PG 0 5 5 4

| | | |
|---|---|---|
| COMMONWEALTH OF KENTUCKY | ) | |
| | ) SS | |
| COUNTY OF JEFFERSON | ) | |

The foregoing Deed, including the consideration certificate contained therein, was sworn to and acknowledged before me on July 09 , 2010 by Richard H. Thompson and Nina L. Thompson, his wife.

Notary Public

My Commission Expires: 4|14|13

| | | |
|---|---|---|
| COMMONWEALTH OF KENTUCKY | ) | |
| | ) SS | |
| COUNTY OF JEFFERSON | ) | |

The foregoing Deed, including the consideration certificate contained therein, was sworn to and acknowledged before me on July 09 , 2010 by Larry E. Thompson and Linda S. Thompson, his wife.

David Messer
Notary Public

My Commission Expires: 2-18-2014

This Deed Prepared By:
Timothy W. Martin
FROST BROWN TODD LLC
400 W. Market Street - Suite 3200
Louisville, Kentucky  40202-3363

David L. Messer
Notary Public, ID No. 414098
State at Large, Kentucky
My Commission Expires on Feb. 18, 2014

-8-

DB 09589PG0555

## EXHIBIT A

BEING Lot 222, STONERIDGE LANDING, SECTION 5B, plat of which is recorded in Plat and Subdivision Book 44, Page 78, in the office of the Clerk of Jefferson County, Kentucky.

BEING a part of the property conveyed to Richard H. Thompson by Deed dated October 18, 1993, of record in Deed Book 6374, Page 61, and by Deed dated October 21, 1993, of record in Deed Book 6374, Page 64, both in the office of the Clerk of Jefferson County, Kentucky.

LOULibrary 0000C15 . 0200175  957943v1

END                    ENT

Document No.: DN2010091786
Lodged By: FROST BROWN TODD
Recorded On:  07/16/2010   02:36:59
Total Fees:          35.00
Transfer Tax:         .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: CARHAR

DB  9810 PG 0486

# GENERAL WARRANTY DEED

**THIS DEED,** is made and entered into on January 05, 2011, by and between Larry E. Thompson and Linda S. Thompson, husband and wife; **("Grantors")** whose mailing address is 4305 Jasper Court, Louisville, KY 40272 and Crystal L. Thompson, ("Grantee") Daughter of Grantors, whose mailing address is 7603 Cottage Cove Way, Louisville, KY 40214.

## WITNESSETH

For a total consideration of $175,000.00, receipt of which is hereby acknowledged, the Grantors hereby convey unto the Grantee with covenant of General Warranty Deed, the following-described property in Jefferson County, Kentucky, to-wit:

BEING Lot 222, STONERIDGE LANDING, SECTION 5B, plat of which is recorded in Plat and Subdivision Book 44, Page 78, in the office of the clerk of Jefferson County, Kentucky.

Being the same property conveyed to Larry E. Thompson and Linda S. Thompson, by Deed dated July 9, 2010 of record in Deed Book 09589, Page 0547 in the office of the Clerk of Jefferson County, Kentucky.

Grantors covenant lawful seizin of the estate hereby conveyed, with full right and power to convey the same, and that said property is free and clear of liens and encumbrances, except restrictions and easements of record, and real property taxes and assessments due and payable in 2011 and thereafter, which Grantee does hereby assume and agree to pay.

## Consideration Certificate

The Grantors and Grantee hereby certify that the consideration set forth in this Deed is the full actual consideration paid for the property. The Grantee joins in this Deed for the sole purpose of certifying the consideration pursuant to KRS Chapter 382.



GOVERNMENT
EXHIBIT

E

DB  9810PG0487

IN TESTIMONY WHEREOF, **WITNESS** the signatures of the Grantors and Grantee;

**GRANTORS:**
Larry E. Thompson

_Larry E. Thompson_

**GRANTEE:**
Crystal L. Thompson

_Crystal L. Thompson_

Linda S. Thompson

_Linda S. Thompson_

COMMONWEALTH OF KENTUCKY   )
                                                          )SS
COUNTY OF JEFFERSON            )

    The foregoing instrument was acknowledged and sworn to before me this 5th day of January, 2010, by, Larry E. Thompson and Linda S. Thompson, husband and wife, and Crystal L. Thompson.

    My commission expires: _FEB - 18 2014_

_____
Notary Public

This instrument prepared by:
Larry E. Thompson, Grantor
4305 Jasper Court
Louisville, KY 40272

David L. Messer
Notary Public ID No. 414096
State at Large, Kentucky
My Commission Expires on Feb. 18, 2014

Document No.: DN2011153442
Lodged By: larry e thompson
Recorded On:   12/07/2011       01:42:17
Total Fees:              17.00
Transfer Tax:              .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: SHESCH

2

DB07332PG0256

## DEED

THIS DEED OF CONVEYANCE, made and entered into by and between:

> Richard H. Thompson and
> Nina L. Thompson, his wife,
> 4811 South Third Street
> Louisville, Kentucky 40214                    ("Parties of the First Part")

acting by and through

> Timothy W. Martin,
> their Attorney-in-Fact,
> under a Special Power of Attorney
> recorded in Deed Book 6823, Page 478
> in the office of the Clerk
> of Jefferson County, Kentucky
> 400 W. Market Street, Suite 3200
> Louisville, Kentucky 40202-3363

and

> Larry E. Thompson,
> Son of Parties of the First Part
> 4811 South Third Street
> Louisville, Kentucky 40214                    ("Party of the Second Part")

## WITNESSETH:

That for and in consideration in full of the sum of $30,000.00 heretofore paid, the receipt of which is hereby acknowledged by the Parties of the First Part, the Parties of the First Part do hereby grant and convey unto the Party of the Second Part in fee simple with covenant of General Warranty, the following described real estate located in Jefferson County, Kentucky (the "Property"):

> BEING Lot 107, Stoneridge Landing Section 5A Subdivision, plat of which appears of record in Plat and Subdivision Book 42, Page 27, in the office of the Clerk of Jefferson County, Kentucky.

> BEING a part of the same property conveyed to the Parties of the First Part by deed recorded in Deed Book 6374, Page 64, in the Clerk's office aforesaid.



GOVERNMENT
EXHIBIT
F

BK 1302 PG 0257

The Parties of the First Part further covenant that they are lawfully seized of the estate hereby conveyed, that they have full power and right to convey same and that the same is free and clear from all liens and encumbrances except state and county taxes due and payable in 1999 and all taxes thereafter, which the Party of the Second Part hereby assumes and agrees to pay, easements of record, planning or zoning laws, regulations and restrictions, restrictions of record as to the use, improvement and occupancy of the Property, and further subject to the restrictions in a Deed of Restrictions dated December 21, 1995, recorded in Deed Book 6681, Page 86, as amended in Deed Book 6712, Page 671, in the Clerk's office aforesaid.

For purposes of KRS 382.135, the Parties of the First Part and the Party of the Second Part, by execution of this Deed hereby certify that the consideration reflected in this Deed is the full actual consideration paid for the Property.

This transfer is exempt from any transfer tax pursuant to KRS 142.050(7)(l) as a transfer between parent and child.

IN TESTIMONY WHEREOF, witness the signatures of the Parties of the First Part and the Party of the Second Part on this 29th day of September, 1998.

PARTIES OF THE FIRST PART:                PARTY OF THE SECOND PART:

Richard H. Thompson                       Larry E. Thompson
Nina L. Thompson

By _____                By _____
   Timothy W. Martin                          Larry E. Thompson
   Attorney-in-Fact

-2-

DB07332PG0258

COMMONWEALTH OF KENTUCKY

COUNTY OF JEFFERSON

The foregoing was acknowledged before me on the 29th day of September by Timothy W. Martin as Attorney-in-Fact on behalf of Richard H. Thompson and Nina L. Thompson, his wife.

Notary Public

My commission expires: 04/06/02

COMMONWEALTH OF KENTUCKY

COUNTY OF JEFFERSON

The foregoing was acknowledged before me on the 2ND day of October, 1999 by Larry E. Thompson.

Notary Public

My commission expires: 04/06/02

Instrument prepared by:
Timothy W. Martin
BROWN, TODD & HEYBURN PLLC
400 W. Market Street, Suite 3200
Louisville, Kentucky  40202-3363
(502) 589-5400

CIS.D5294
F:\USERS\022\DEEDS\STONERIDGE LANDING\LOT-107_DED.DOC
September 29, 1999

DOCUMENT

Document No. : DN1999164860
Lodged By: THOMPSON, LARRY
Recorded On:   10/06/1999      12:12:54
Total Fees:               12.00
Transfer Tax:              .00
County Clerk: Bobbie Holsclaw-JEFF CO KY
Deputy Clerk: DIAROB

-3-

09769PG0183

## DEED OF CORRECTION

THIS DEED OF CORRECTION is made and entered into as of September 09, 2011, by and between **RICHARD H. THOMPSON and NINA THOMPSON**, husband and wife, whose address is 4811 S. Third Street, Louisville, Kentucky 40214, parties of the first part, and **LARRY E. THOMPSON**, whose address is 4811 S. Third Street, Louisville, Kentucky 40214, party of the second part. The in-care-of address to which the property tax bill for 2011 may be sent is: Larry E. Thompson, 4811 S. Third Street, Louisville, Kentucky 40214.

### WITNESSETH:

WHEREAS, by deed dated September 29, 1998, recorded in Deed Book 7332, Page 256, in the Office of the Clerk of Jefferson County Kentucky, the parties of the first part intended to convey unto the party of the second part a certain tract of land in Jefferson County, Kentucky, more particularly described as follows:

BEING Lot 157, Stoneridge Landing Section 5A Subdivision, plat of which appears of record in Plat and Subdivision Book 42, Page 27, in the Office of the Clerk of Jefferson County, Kentucky.

Being a part of the same property conveyed to parties of the first part by deed recorded in Deed Book 6374, Page 64, in the Office of the Clerk of Jefferson County, Kentucky.

WHEREAS, the above described Deed contained an incorrect legal description; and

WHEREAS, said parties hereto desire to correct the legal description contained in said Deed;

NOW THEREFORE, for good and valuable consideration heretofore paid, the receipt of which is hereby acknowledged, and in order to conform to the intention of the parties hereto, and to correct said description, the parties of the first party hereby convey with covenant of General Warranty, unto the party of the second part, the above described real property situated in Jefferson County, Kentucky.

Pursuant to KRS 382.135, the parties hereto certify that the fair cash value of the property is $30,000.00.



GOVERNMENT
EXHIBIT
6

09769PG0184

No transfer tax is due as this is a conveyance correcting the legal description pursuant to KRS 142.050(7)(d).

**IN WITNESS WHEREOF,** the parties of the first part and the party of the second part have executed this Deed of Correction as of the date first set forth above but actually on the dates set forth below.

_____          _____
Richard H. Thompson                            Larry E. Thompson

_____
Nina Thompson

COMMONWEALTH OF KENTUCKY        )
                                                          )
                                                          )
COUNTY OF JEFFERSON                    )

    The foregoing Deed of Correction was acknowledged, subscribed and sworn to before me this _09_ day of September, 2011, by Richard H. Thompson and Nina Thompson, husband and wife.

_____
Notary Public

My commission Expires: FEB 18 2014



David L. Messer
Notary Public, ID No. 414096
State at Large, Kentucky
My Commission Expires on Feb 18, 2014

DB 0 9769 PG 0 I 85

COMMONWEALTH OF KENTUCKY     )
                             )
                             )
COUNTY OF JEFFERSON          )

            The foregoing Deed of Correction was acknowledged, subscribed and sworn to
before me this _09_ day of September, 2011, by Larry E. Thompson.

                                _David L. Messer_
                                Notary Public

                        My commission Expires: _Feb 18 2014_

This instrument prepared by
Timothy W. Martin
Frost Brown Todd, LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363

_Timothy W Martin_

> David L. Messer
> Notary Public, ID No. 414096
> State at Large, Kentucky
> My Commission Expires on Feb. 18, 2014

LOULibrary 0000C15.0224531  1139457v1

```
Document No.: DN2011112062
Lodged By: FROST BROWN TODD
Recorded On:   09/09/2011    02:38:19
Total Fees:            13.00
Transfer Tax:            .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: TERHIG
```

END OF DOCUMENT

HB I 2 5 I 5 PG 0 8 9 I 

# MORTGAGE

THIS MORTGAGE is made as of September 09, 2011, between

> **LARRY E. THOMPSON** and
> **LINDA S. THOMPSON**, husband and wife,
> 4811 S. Third Street
> Louisville, Kentucky 40214      (collectively, "Mortgagor")

and

> **RICHARD H. THOMPSON**
> 4811 S. Third Street
> Louisville, Jefferson County, Kentucky 40214      ("Mortgagee").

For the purpose of securing the payment of the indebtedness herein mentioned and securing the fulfillment of all the covenants and conditions hereinafter contained, Mortgagor hereby conveys in **FEE SIMPLE** to Mortgagee with covenant of **GENERAL WARRANTY** the real property more particularly described on **"EXHIBIT A"** attached hereto and made a part hereof, together with the buildings and improvements erected thereon, or hereafter erected thereon, and the rights, privileges and appurtenances thereto belonging or in anywise appertaining, and all fixtures, movable and immovable, on or about the property, now or hereafter on or affixed to the property, together with the rents, issues and profits therefrom (the "Property"), located at 610 Valley College Drive, Louisville, Jefferson County, Kentucky.

**TO HAVE AND TO HOLD** the same unto Mortgagee, his successors and assigns forever.

Mortgagor is justly indebted to Mortgagee for borrowed money in the principal sum of **ONE HUNDRED SEVENTY FIVE THOUSAND AND 00/100 DOLLARS ($175,000.00)**, evidenced by a certain Demand Promissory Note (the "Note") of even date herewith, with interest thereon as provided therein, executed and delivered by Mortgagor to the order of Mortgagee, with principal and interest payable as stated therein, and with other provisions and obligations, all of which are incorporated herein by this reference. **THE NOTE IS PAYABLE ON DEMAND.**

Mortgagor covenants lawful seisin of the Property, full right and power to mortgage and convey the same, and that the same is free from all liens and

GOVERNMENT EXHIBIT
H
ENGAD 800-631-6989

MB 1 2 5 1 5 PG 0 8 9 2

encumbrances except easements, restrictions and stipulations of record as to use, improvement and occupancy of the Property, governmental laws and regulations affecting the Property and liens for real property taxes and assessments not yet due and payable.

Mortgagor, in order to more fully protect the security of this Mortgage, covenants and agrees as follows:

1.    To pay the Note and interest thereon when due.

2.    To pay, when due, all taxes and assessments of every type and nature levied or assessed against the Property or any interest therein or any part thereof, and any claim, lien or encumbrance against the Property which may be or become prior to the lien of this Mortgage, and if requested by Mortgagee, to deliver or exhibit receipts therefor to Mortgagee at least fifteen (15) days before the same shall become delinquent.

3.    To keep the improvements now existing or hereafter erected on the Property insured as may be required from time to time by Mortgagee against loss or damage from the perils insured against by the standard fire and extended coverage insurance policy in use in the Commonwealth of Kentucky in such amounts and for such periods as Mortgagee may require and to pay promptly, when due, any premiums for such insurance.  All insurance shall be carried in companies approved by Mortgagee and certificates of the policies and renewals thereof shall be delivered to Mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to Mortgagee.  In the event of loss, Mortgagor shall give immediate notice by certified mail, return receipt requested, to Mortgagee, and Mortgagee may make proof of loss if not made promptly by Mortgagor; and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Mortgagee, instead of to Mortgagor and Mortgagee jointly; and the insurance proceeds, or any part thereof, may be applied by Mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration of the Property.  In event of foreclosure of this Mortgage, or other transfer of title to the Property in extinguishment of the debt secured hereby, all right, title and interest of Mortgagor in and to any insurance polices then in force shall pass to the purchaser or grantee.

4.    If required by Mortgagee, to make monthly deposits with Mortgagee, in a non-interest bearing account, together with and in addition to interest and principal, of a sum equal to one-twelfth of the yearly taxes and assessments which may be levied against the Property, and of premiums next to become due for the insurance policy required by paragraph 3 above. The amount of such taxes, assessments and premiums, when unknown, shall be estimated by Mortgagee.  Such deposits shall be used by Mortgagee to pay such taxes, assessments and premiums when due.  Any insufficiency of such account to pay such charges when due shall be paid by Mortgagor

- 2 -

MB 12515PG0893

to Mortgagee upon demand.  If Mortgagor defaults under any provision of this Mortgage, Mortgagee may apply any funds in said account against the entire indebtedness secured hereby.  The enforceability of the covenants relating to taxes, assessments and insurance herein otherwise provided shall not be affected except insofar as those obligations have been met by compliance with this paragraph. Mortgagee may from time to time at its option waive, and after any such waiver reinstate, any or all provisions hereof requiring such deposits, by written notice to Mortgagor.  While any such waiver is in effect, Mortgagor shall pay taxes, assessments and premiums as herein elsewhere provided.

5.  To (a) maintain the Property in good condition and repair, (b) not commit or suffer waste thereof, (c) comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the Property, and not suffer or permit any violation thereof and (d) not remove, demolish or alter the design or structural character of any building now or hereafter erected on the Property unless Mortgagee shall first consent thereto in writing.

6.  If Mortgagor fails to pay any installment of principal or interest provided for in the Note, when due, Mortgagor shall pay Mortgagee, as compensation for additional expenses and labor thereby entailed, a "late charge" as follows:  (a) if the note is not an installment note, a sum equal to two cents on each $100.00 of the principal of the Note (but not less than $10.00), and, in addition, to pay interest at the rate specified in the Note on the amount of the payment in default (whether such payment is of principal, interest, or both), or (b) if said note is an installment note, a sum equal to four cents for each dollar of each installment in default (but not less than $10.00) and, in addition, to pay interest at the rate specified in the Note on the amount of the installment (whether such installment is of principal, interest, or both) then in default.

7.  If Mortgagor fails to maintain the insurance provided for herein or to deliver certificates of the policy or policies therefor to Mortgagee, or to pay the cost thereof, or to pay taxes and assessments, or to promptly make repairs and replace-ments, then Mortgagee may, at its option, procure and pay for such insurance, pay such taxes or assessments, or cause such repairs or replacements to be effected, and the money so advanced by Mortgagee, with interest thereon at the maximum legal rate of interest, payable semi-annually, shall be paid by Mortgagor to Mortgagee on demand, and such advances shall be secured by this Mortgage and the lien therefor shall be deemed equal in dignity to the lien securing the other indebtedness hereby secured.

8.  (a) If Mortgagor fails (i) to pay any installment of principal or interest provided for in the Note on or before the same becomes due; or (ii) to pay taxes or assessments when due; or (iii) to keep the improvements now existing or hereafter erected on the Property insured against loss or damage as provided herein or to pay the premiums for such insurance when they become due; or (iv) to keep the Property in good condition and repair; or (v) to keep or perform any covenant or stipulation of this

MB 1 2 5 1 5 PG 0 8 9 4

Mortgage; or (b) if proceedings are instituted involving title to the Property or any part thereof, including the foreclosure of any mortgage or any other lien against the Property; or (c) if Mortgagor is adjudged bankrupt in either voluntary or involuntary proceedings; or (d) if Mortgagor fails to comply with the terms and conditions of any other permitted lien or encumbrance affecting the Property; then in any of such cases, Mortgagee may declare the whole indebtedness secured hereby to be at once due and payable, and forthwith proceed to collect the same and to enforce this Mortgage by suit or otherwise; and in any of such cases Mortgagee may enter on the Property, collect the rents, issues and profits therefrom, and after paying all expenses of such conditions, and a reasonable compensation for itself, apply the money collected to the satisfaction of the indebtedness hereby secured.  In any of such events of default herein mentioned, Mortgagee may, at its option, apply to any court of competent jurisdiction for the appointment of a receiver of the Property to manage the same and to collect the rents, issues and profits therefrom, and after deducting the costs and expenses of such receivership and a reasonable compensation for the receiver's services, apply the remainder of such rent, issues and profits so received to the satisfaction of the indebtedness hereby secured.  It is further agreed that the grounds for the appointment of a receiver herein set out shall be in addition to and not in limitation of the statutory remedy of receivership and may be invoked either in aid of or without proceeding for the foreclosure and sale of the Property.  Mortgagor agrees to pay to Mortgagee reasonable attorney fees incurred by Mortgagee in the event of a default hereunder to the extent such fees are actually paid or agreed to be paid by Mortgagee, except such fees as are paid by Mortgagee to a salaried employee of Mortgagee.  This Mortgage shall secure payment to Mortgagee by Mortgagor of such fees.

9.    No delay by Mortgagee in the exercise of any of its rights or remedies hereunder, or otherwise afforded by law, shall operate as a waiver thereof, or preclude the exercise thereof  during the continuance of any default hereunder.  An express waiver of any obligation of Mortgagor shall not at any time thereafter be held to be a waiver of any of the terms or conditions of this Mortgage except as specified in the express waiver, and that only for the time and to the extent stated in the express waiver.

10.    With respect to all or any part of the Property, or any legal or equitable interest therein, the Mortgagor, or any successor in interest to the Mortgagor, shall not (a) sell, (b) convey, (c) transfer, (d) lease for more than one year, (e) lease with option to purchase, or (f) enter into a contract for deed or bond for deed (all of the foregoing being hereinafter referred to as "Transfer") without the prior written consent of Mortgagee.  Such consent may be conditioned on such modifications of this Mortgage and the indebtedness which it secures as Mortgagee may deem necessary at the time of such consent, including, without limitation, changing the interest rate applicable to said loan for the remaining term of the loan, and the proposed purchaser or transferee of the Property meeting the then existing standards of credit and financial responsibility required of borrowers by Mortgagee. If the Property is Transferred with the written con- sent of Mortgagee, the purchaser or transferee shall assume the balance then owing on

MB 1 2 5 1 5 PG 0 8 9 5

the indebtedness and all of the obligations relating thereto (including any modifications that may be conditions for Mortgagee's consent to the transfer) and shall pay to Mortgagee a transfer fee customary at the time of the Transfer.  Mortgagee may declare the entire debt secured hereby immediately due and payable and enforce this Mortgage, without notice to Mortgagor, in the event the Property is Transferred without the written consent of Mortgagee or the purchaser declines to assume the indebtedness secured by this Mortgage as herein provided.  If the Property is Transferred with or without Mortgagee's written consent, such Transfer shall not operate to release, discharge, modify, change or affect the original liability of the Mortgagor or any subsequent persons who become obligated by reason of the assumption of the debt secured, either in whole or in part.

11.    Without affecting the liability of Mortgagor or any subsequent persons who become obligated (except any person expressly released in writing) to pay any indebtedness secured hereby or to perform any obligation contained herein, and without affecting the rights of Mortgagee with respect to any security not expressly released in writing, Mortgagee may, at any time and from time to time, either before or after the maturity of the Note, and without notice or consent:  (a) release any person liable for payment of all or any part of the indebtedness or for performance of any obligation; (b) make any agreement extending the time or otherwise altering the terms of payment of all or part of the indebtedness, or modifying or waiving any obligation, or subordinating, modifying or otherwise dealing with the lien or charge thereof; (c) exercise or refrain from exercising or waive any right Mortgagee may have; (d) accept additional security of any kind; and (e) release or otherwise deal with any property, real or personal, securing the indebtedness, including all or any part of the Property mortgaged hereby.

12.    As further security for payment of the indebtedness and performance of the obligations, covenants and agreements secured hereby, Mortgagor hereby transfers, sets over and assigns to Mortgagee all judgments, awards of damages and settlements hereafter made as a result of or in lieu of any taking of the Property or any part thereof under the power of eminent domain, or for any damage (whether caused by such taking or otherwise) to the Property or the improvements thereon or any part thereof, including any award for change of grade of streets.  Mortgagee may apply all such sums or any part thereof so received on the indebtedness secured hereby in such manner as it elects or, at its option, the entire amount or any part thereof so received may be released.

13.    In the event of any change in the laws now in force for the taxation of mortgages or debts secured by mortgages, or the manner of the collection of any such taxes, so as to affect this Mortgage, the whole of the principal sum secured by this Mortgage, together with the interest due thereon, shall, at the option of Mortgagee, without notice to any party, become immediately due and payable.

MB 1 2 5 1 5 PG 0 8 9 6

14.    Mortgagor shall assign to Mortgagee any and all present and/or future leases of all or any part of the Property should Mortgagee, at its sole option, request such assignment or assignments.

15.    No other mortgage, lien or equity position other than this Mortgage, whether superior or inferior to the lien of this Mortgage, shall be placed or allowed to exist on the Property without the prior written approval of Mortgagee, which approval shall not be unreasonably withheld.

16.    Mortgagor hereby represents and warrants to Mortgagee that, to the best of Mortgagor's knowledge, after due inquiry and investigation: (a) except as disclosed to Mortgagee in the environmental report specifically referred to in an addendum (if any) attached hereto, the Property is not in violation of any local, state, federal or other governmental authority, statute, ordinance, code, order, decree, law, rule or regulation pertaining to or imposing liability or standards of conduct concerning environmental regulation, contamination or cleanup including, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act, as amended ("CERCLA"), the Resource Conservation and Recovery Act, as amended ("RCRA"), and any state superlien and environmental cleanup statutes (collectively, "Environmental Laws"); (b) the Property is not subject to any private or governmental lien or judicial or administrative notice or action relating to hazardous and/or toxic, dangerous and/or regulated, substances, wastes, materials, pollutants or contaminants, petroleum, petroleum by-products, friable asbestos, tremolite, anthlophylie or actinolite or polychlorinated biphenyls (including, without limitation, any raw materials which include hazardous constituents) and any other substances or materials which are included under or regulated by Environmental Laws (collectively, "Hazardous Substances"); (c) no Hazardous Substances are or have been discharged, generated, treated, disposed of or stored on, incorporated in, or removed or transported from the Property otherwise than in compliance with all Environmental Laws; and (d) no underground storage tanks exist on any of the Property.

Notwithstanding anything previously disclosed to Mortgagee, so long as Mortgagor owns or is in possession of the Property, Mortgagor shall keep or cause the Property to be kept free from Hazardous Substances and in compliance with all Environmental Laws and shall notify Mortgagee within five (5) business days after Mortgagor becomes aware of the existence of any Hazardous Substances on, or any alleged or actual violation of any Environmental Laws with respect to, the Property. Mortgagor shall remove any such Hazardous Substances and/or cure any such violations, as applicable, as required by law, promptly after Mortgagor becomes aware of same, at Mortgagor's sole expense. Nothing herein shall prevent Mortgagor from recovering such expenses from any other party (excluding Mortgagee) that may be liable for such removal or cure. If, at any time and from time to time while this Mortgage is in effect, Mortgagee has reasonable cause to believe that Mortgagor has violated, or permitted any violations, under this paragraph 16, then Mortgagor shall provide, at

MB 1 2 5 1 5 PG 0 8 9 7

Mortgagor's sole expense, an inspection or audit of the Property prepared by a licensed hydrogeologist or licensed environmental engineer approved by Mortgagee indicating the presence or absence of Hazardous Substances on, or violation of Environmental Laws at the Property.  If Mortgagor fails to provide such inspection or audit within thirty (30) days after such request, Mortgagee may order same, and Mortgagor hereby grants to Mortgagee and its employees and agents access to the Property to undertake such inspection or audit.  The cost of such inspection or audit shall be immediately due and payable, shall be added to the obligations secured hereby and shall bear interest at the rate of 4% in excess of the interest rate set forth in the Note from the date expended by Mortgagee until paid by Mortgagor.  The obligations and liabilities of Mortgagor under this paragraph 16 shall survive any termination, satisfaction, or assignment of this Mortgage and the exercise by Mortgagee of any of its rights or remedies hereunder, including but not limited to, the acquisition of the Property by foreclosure or a conveyance in lieu of foreclosure.

17.    Any agreement hereafter made by Mortgagor and Mortgagee pursuant to this Mortgage shall be superior to the rights of the holder of any intervening lien or encumbrance.

18.    This Mortgage shall secure all renewal notes executed in lieu of the Note and also any extensions of the Note. This Mortgage shall secure any additional indebtedness, not to exceed $100,000.00, which Mortgagor may owe to Mortgagee, whether direct, indirect, future, contingent or otherwise and whether arising under this Mortgage or otherwise.

**PROVIDED, HOWEVER**, if Mortgagor pays in full the indebtedness secured hereby and performs all the covenants and stipulations hereof, Mortgagee shall immediately release this Mortgage on the request of an at the cost of Mortgagor.

The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto, and wherever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

NB 1 2 5 1 5 PG 0 8 9 8

**IN WITNESS WHEREOF**, Mortgagor has executed this Mortgage as of the above date.

_____
Larry E. Thompson

_____
Linda S. Thompson

STATE OF KENTUCKY          )
                           ) SS
COUNTY OF JEFFERSON        )

The foregoing instrument was acknowledged before me on September 09, 2011, by Larry E. Thompson and Linda S. Thompson, husband and wife.

_____
Notary Public

Commission expires: FEB 18, 2014

This instrument prepared by
Timothy W. Martin
FROST BROWN TODD, LLC
400 W. Market Street, Suite 3200
Louisville, Kentucky 40202-3363

_____

David L. Messer
Notary Public, ID No. 414096
State at Large, Kentucky
My Commission Expires on Feb 18, 2014

- 8 -

MB 1 2 5 1 5 PG 0 8 9 9

## EXHIBIT A

The "Property" is located at 610 Valley College Drive, Louisville, Jefferson County, Kentucky, and is more particularly described as follows:

BEING Lot 157, Stoneridge Landing Section 5A Subdivision, plat of which appears of record in Plat and Subdivision Book 42, Page 27, in the Office of the Clerk of Jefferson County, Kentucky.

BEING the same property conveyed to Larry E. Thompson by Deed dated September 29, 1998, recorded in Deed Book 7332, Page 256, in the Office of the Clerk of Jefferson County, Kentucky, as corrected by Deed of Correction dated September 09, 2011, recorded in Deed Book 9769, Page 183, in the Office of the Clerk of Jefferson County, Kentucky.

LOULibrary 0000CI5.0224531  1139459v1

Document No.: DN2011112063
Lodged By: FROST BROWN TODD
Recorded On:   09/09/2011     02:38:48
Total Fees:              35.00
Transfer Tax:             .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: TERHIG

END OF DOCUMENT

DB: 9849 PG 0868

# GENERAL WARRANTY DEED

**THIS DEED**, is made and entered into on September 10, 2011, by and between Larry E. Thompson and Linda S. Thompson, husband and wife; **("Grantors")** whose mailing address is 4811 S. Third St., Louisville, KY 40214 and Laramie C. Thompson, ("Grantee") Son of Grantors, whose mailing address is 4811 S. Third St., Louisville, KY 40214. (ALSO TAX BILLING ADDRESS)

## WITNESSETH

For a total consideration of $30,000.00, receipt of which is hereby acknowledged, the Grantors hereby convey unto the Grantee with covenant of General Warranty Deed, the following-described property in Jefferson County, Kentucky, to-wit:

BEING Lot 157, Stoneridge Landing Subdivision, Section 5A, plat of which is recorded in Plat and Subdivision Book 42, Page 27, in the office of the clerk of Jefferson County, Kentucky.

Being the same property conveyed to Parties of the First Part, by Deed dated September 9, 2011 of record in Deed Book 09769, Page 0183 in the office of the Clerk of Jefferson County, Kentucky.

This conveyance is made subject to that certain mortgage dated September 9, 2011, recorded in Mortgage Book 12515, Page 0891, to Richard H. Thompson, in the Clerk's office aforesaid, which Grantee hereby assumes and agrees to pay; Provided, however, that a proper release of said mortgage shall operate as a full release of any lien retained herein to secure said assumption.

Grantors covenant lawful seizin of the estate hereby conveyed, with full right and power to convey the same, and that said property is free and clear of liens and encumbrances, except restrictions and easements of record, and real property taxes and assessments due and payable in 2011 and thereafter, which Grantee does hereby assume and agree to pay.

## Consideration Certificate

The Grantors and Grantee hereby certify that the consideration set forth in this Deed is the full actual consideration paid for the property. The Grantee joins in this Deed for the sole purpose of certifying the consideration pursuant to KRS Chapter 382.

This transfer is exempt from any transfer tax pursuant to KRS 142.050(7)(1) as a transfer between parent and child.

1



DB 9849 PG 0869

IN TESTIMONY WHEREOF, **WITNESS** the signatures of the Grantors and Grantee;

**GRANTORS:**                                          **GRANTEE:**

Larry E. Thompson                                   Laramie C. Thompson

_signature_                                               _signature_

Larry E. Thompson                                   Laramie C. Thompson

Linda S. Thompson

_signature_

Linda S. Thompson

COMMONWEALTH OF KENTUCKY      )
                                                       )SS
COUNTY OF JEFFERSON                      )

The foregoing instrument was acknowledged and sworn to before me this 10th day of September, 2011, by, Larry E. Thompson and Linda S. Thompson, husband and wife, and Laramie C. Thompson.

My commission expires: _FEB 18, 2014_

_signature_

Notary Public

This instrument prepared by:
Larry E. Thompson, Grantor
4811 S. Third Street
Louisville, KY 40214

_signature_

[Notary stamp:]
David L. Messer
Notary Public, ID No. 414096
State at Large, Kentucky
My Commission Expires on Feb. 18, 2014

END OF DOCUMENT

Document No.: DN2012031185
Lodged By: THOMPSON
Recorded On:   03/02/2012      02:34:44
Total Fees:                       17.00
Transfer Tax:                       .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: EVEMAY

2

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Kentucky ☑

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Larry E. Thompson and Linda S. Thompson, et al., | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Larry Thompson
4305 Jasper Court
Louisville KY 40272

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Megan E. Hoffman-Logsdon
P.O. Box 227
Ben Franklin Station
Washington DC 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                              *Server's signature*

                                           _____
                                              *Printed name and title*


                                           _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky ▢

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Larry E. Thompson and Linda S. Thompson, et al., | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Linda Thompson
4305 Jasper Court
Louisville KY 40272

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Megan E. Hoffman-Logsdon
P.O. Box 227
Ben Franklin Station
Washington DC 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Kentucky

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| Larry Thompson and Linda Thompson, et al., | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Crystal L. Thompson
4811 S. 3rd Street
Louisville KY 40214

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Megan E. Hoffman-Logsdon
P.O. Box 227
Ben Franklin Station
Washington, DC 20011

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#9633; I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

&#9633; I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#9633; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

&#9633; I returned the summons unexecuted because _____ ; or

&#9633; Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Kentucky

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Larry Thompson and Linda Thompson, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Laramie C. Thompson
401 Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Megan E. Hoffman-Logsdon
P.O. Box 227
Ben Franklin Station
Washington, DC 20011

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                        _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                               *Server's signature*

                                               _____
                                               *Printed name and title*

                                               _____
                                               *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky  ▼

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| Larry E. Thompson and Linda S. Thompson, et al., | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Linda Thompson
4305 Jasper Court
Louisville KY 40272

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Megan E. Hoffman-Logsdon
P.O. Box 227
Ben Franklin Station
Washington DC 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) | Civil Action No. |
| Larry Thompson and Linda Thompson, et al., | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Nina L. Thompson
19101 Chapman Ridge Court
Fisherville, KY 40023

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Megan E. Hoffman-Logsdon
P.O. Box 227
Ben Franklin Station
Washington, DC 20011

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                               *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                    .

☐ I personally served the summons on the individual at *(place)*

on *(date)*                    ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                    , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                    ; or

☐ I returned the summons unexecuted because                    ; or

☐ Other *(specify):*

My fees are $                for travel and $                for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Kentucky

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| Larry Thompson and Linda Thompson, et al., | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Wells Fargo Home Mortgage
2505 Euclid Ave.
Des Moines, IA 50317

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Megan E. Hoffman-Logsdon
P.O. Box 227
Ben Franklin Station
Washington, DC 20011

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Kentucky

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) |
| Larry Thompson and Linda Thompson, et al., | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Andy Beshear
Commonwealth of Kentucky
Office of the Attorney General
700 Capitol Ave., Suite 118
Frankfort KY 40601-3449

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Megan E. Hoffman-Logsdon
P.O. Box 227
Ben Franklin Station
Washington, DC 20011

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                   _____
                                                  _Signature of Clerk or Deputy Clerk_

AO 440 (Rev  06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                            *Server's signature*

                                        _____
                                                            *Printed name and title*

                                        _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

## DEFENDANTS

Larry Thompson, Linda Thompson, Richard Thompson, Nina L. Thompson, Crystal Thompson, Laramie Thompson, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Jefferson
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Megan Hoffman-Logsdon, U.S. Dep't of Justice    202 616 - 3342
555 4th St NW   Washington DC 20001

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 340 Marine | Liability | | | ☐ 470 Racketeer Influenced and Corrupt Organizations | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7403

Brief description of cause:
Foreclosure of Federal Tax Liens

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   10/10/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____