IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

**Electronically Filed**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:18-cv-669-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY E. THOMPSON and | ) | |
| LINDA S. THOMPSON, CRYSTAL | ) | |
| THOMPSON, LARAMIE THOMPSON, | ) | |
| RICHARD THOMPSON, NINA LEE | ) | |
| THOMPSON, WELLS FARGO HOME | ) | |
| MORTGAGE, N.A., AND THE | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT TO FORCLOSURE FEDERAL TAX LIENS**

* * * * * *

The Defendants, Larry E. Thompson and Linda S. Thompson (referred separately and collectively hereinafter as "Thompson"), by and through counsel, and for their Answer to the Complaint to Foreclose Federal Tax Liens ("Complaint"), states as follows:

**JURISDICTION AND VENUE**

1. Thompson admits the allegations of Paragraph 1 of the Complaint.

2. Thompson admits the allegations of Paragraph 2 of the Complaint.

**PARTIES**

3. Thompson admits the allegations of Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. Moreover, Thompson lacks knowledge or information

sufficient to form a belief as to the truth of allegations contained in Paragraph 4 of the Complaint as they relate to why Thompson is named as a defendant in this action. Pursuant to Fed. R. Civ. P. 8(b), this has the effect of a denial of those allegations. Thompson admits only so much of the allegations of Paragraph 4 of the Complaint that state they are the taxpayers against whom the unpaid federal tax liabilities at issue in this action are assessed and that Thompson resides at the address provided. Except as so admitted, to the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. Thompson admits only so much of the allegations of Paragraph 5 of the Complaint that state Thompson filed a Chapter 7 bankruptcy case on September 11, 2012 and received a discharge on April 18, 2013. Except as so admitted, to the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 6 of the Complaint.

    a. Paragraph 6(a) of the Complaint contains statements of legal conclusion to which no responsive pleading is required. Thompson admits only so much of the allegations of Paragraph 6(a) of the Complaint that state Richard H. Thompson is Larry E. Thompson's Father and the co-mortgagee, with his wife Nina Lee Thompson, of the Valley College Drive Property and the holder of a vendor's lien on the Shadow Bluff Property. Except as so admitted, to the extent a response is

deemed necessary, Thompson denies the allegations of Paragraph 6(a) of the Complaint.

      b.      Paragraph 6(b) of the Complaint contains statements of legal conclusion to which no responsive pleading is required. Thompson admits only so much of the allegations of Paragraph 6(b) of the Complaint that state Nina Lee Thompson is Richard H. Thompson's wife and co-mortgagee of the Valley College Drive Property. Except as so admitted, to the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 6(b) of the Complaint.

      c.      Paragraph 6(c) of the Complaint contains statements of legal conclusion to which no responsive pleading is required. Thompson admits only so much of the allegations of Paragraph 6(c) of the Complaint that state Crystal L. Thompson is the daughter of Larry Thompson and Linda Thompson and Crystal L. Thompson holds title to the Brook Bend Way property and the Shadow Bluff Court property. Except as so admitted, to the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 6(c) of the Complaint.

      d.      Paragraph 6(d) of the Complaint contains statements of legal conclusion to which no responsive pleading is required. Thompson admits only so much of the allegations of Paragraph 6(d) of the Complaint that state Laramie C. Thompson is the son of Larry Thompson and Linda Thompson and holds title to the Valley College Drive Property. Except as so admitted, to the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 6(d) of the Complaint.

e. Paragraph 6(e) of the Complaint contains statements of legal conclusion to which no responsive pleading is required. Thompson lacks knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 6(e) of the Complaint as they relate to when and where the mortgage was recorded. Pursuant to Fed. R. Civ. P. 8(b), this has the effect of a denial of those allegations. Thompson admits only so much of the allegations of Paragraph 6(e) of the Complaint that state Wells Fargo Home Mortgage holds a mortgage on one of the Real Properties. Except as so admitted, to the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 6(e) of the Complaint.

f. Paragraph 6(f) of the Complaint contains statements of legal conclusion to which no responsive pleading is required. Thompson lacks knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 6(f). Pursuant to Fed. R. Civ. P. 8(b), this has the effect of a denial of those allegations. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 6(f) of the Complaint.

## THE FEDERAL TAX ASSESMENTS

7. Thompson lacks knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 7 of the Complaint as they relate to specific assessment dates and the current outstanding balance of such assessments. Pursuant to Fed. R. Civ. P. 8(b), this has the effect of a denial of those allegations. Thompson admits only so much of the allegations of Paragraph 7 of the Complaint that state Thompson filed U.S. Individual Income Tax returns (Forms 1040) for the taxable years identified in the

Complaint. Except as so admitted, to the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 7 of the Complaint.

8. Thompson lacks knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 8 of the Complaint. Pursuant to Fed. R. Civ. P. 8(b), this has the effect of a denial of those allegations. Thompson admits only so much of the allegations of Paragraph 8 of the Complaint to the extent that Thompson remembers receiving notices related to their unpaid federal income tax liabilities but does not remember the specific tax years covered by such notices or the type of notices received. Except as so admitted, to the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. Thompson lacks knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 10 of the Complaint as they relate to specific details regarding when and where notices of federal tax lien were recorded and the tax periods covered by such notices. Pursuant to Fed. R. Civ. P. 8(b), this has the effect of a denial of those allegations. Thompson admits only so much of the allegations of Paragraph 10 of the Complaint that state the Internal Revenue Service recorded notices of federal tax lien against Thompson and that the dates the Plaintiff identifies in Paragraph 10 of the Complaint as when the Internal Revenue Service recorded the notices of federal tax lien are prior to the date Thompson filed their Chapter 7 bankruptcy

case. Except as so admitted, to the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 10 of the Complaint.

## COUNT I – ENFORCE FEDERAL TAX LIENS AND NOMINEE LIENS AGAINST THE BROOK BEND WAY PROPERTY

11. Thompson reiterates and incorporates by reference its answer to Paragraphs 1 through 10, supra.

12. Thompson admits the allegations of Paragraph 12 of the Complaint.

13. Thompson admits the allegations of Paragraph 13 of the Complaint.

14. Paragraph 14 of the Compliant contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 19 of the Complaint. Thompson denies that the United States of America is entitled to any relief requested in the Paragraph 19 of the Complaint.

## COUNT II – ENFORCE TAX LIENS AND NOMINEE LIENS AGAINST THE SHADOW BLUFF COURT PROPERTY

20. Thompson reiterates and incorporates by reference its answer to Paragraphs 1 through 10, supra.

21. Thompson admits the allegations of Paragraph 21 of the Complaint.

22. Thompson admits the allegations of Paragraph 22 of the Complaint.

23. Paragraph 23 of the Compliant contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 23 of the Complaint.

24. Paragraph 24 of the Compliant contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 24 of the Complaint.

25. Paragraph 25 of the Compliant contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 25 of the Complaint.

26. Paragraph 26 of the Compliant contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 26 of the Complaint.

27. Paragraph 27 of the Compliant contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 27 of the Complaint.

28. Paragraph 28 of the Compliant contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 28 of the Complaint. Thompson denies that the United States of America is entitled to any relief requested in the Paragraph 28 of the Complaint.

## COUNT III – FORECLOSE FEDERAL TAX LIENS AND NOMINEE LIENS AGAINST THE VALLEY COLLEGE DRIVE PROPERTY

29. Thompson reiterates and incorporates by reference its answer to Paragraphs 1 through 10, supra.

30. Thompson admits the allegations of Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains statements of legal conclusion to which no responsive pleading is required. Thompson admits only so much of the allegations of Paragraph 31 of the Complaint that state Thompson entered into a mortgage in the amount of $175,000 with Richard Thompson listed as the mortgagee. Except as so admitted, to the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 31 of the Complaint.

32. Thompson admits the allegations of Paragraph 32 of the Complaint.

33. Thompson admits the allegations of Paragraph 33 of the Complaint.

34. Paragraph 34 of the Compliant contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 34 of the Complaint.

35. Paragraph 35 of the Compliant contains statements of legal conclusion to which no responsive pleading is required. To the extent a response is deemed necessary, Thompson denies the allegations of Paragraph 35 of the Complaint. Thompson denies that the United States of America is entitled to any relief requested in the Paragraph 35 of the Complaint.

36. Thompson denies each and every allegation contained in the United States of America's Complaint not expressly admitted to be true herein.

## FIRST AFFIRMATIVE DEFENSE

37. Thompson alleges, by way of affirmative defense, that all unpaid federal tax liabilities and federal tax liens referred to in the Complaint were discharged in bankruptcy. Because of the discharge in Bankruptcy, the federal tax liens no longer attach to any property, real or personal, referred to in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

38. Thompson alleges, by way of affirmative defense, that the Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

39. Thompson alleges, by way of affirmative defense, that the relief requested in the Complaint fails because of impossibility and mootness.

## FOURTH AFFIRMATIVE DEFENSE

40. Thompson denies all averments contained in the Complaint that have not been expressly admitted. Thompson reserves the right to file further pleadings and assert other defenses in this action as the proof develops. Similarly, Thompson reserves the right to assert Cross-Claims, Counterclaims and third-party claims, as necessary.

WHEREFORE, Larry E. Thompson and Linda S. Thompson, by counsel, demands as follows:

1. Judgment dismissing the United States of America's Complaint with prejudice;

2. Thompson's costs expended in the litigation, including reasonable attorneys' fees, to the extent allowed by applicable law; and

3. All further relief as the Court may deem just and proper and to which Thompson may be entitled.

Respectfully submitted,

  s/ J. Christopher Coffman
J. CHRISTOPHER COFFMAN
Frost Brown Todd LLC
400 W. Market Street, Floor 32
Louisville, KY  40202-3363
Phone: (502) 589-5400
Fax:    (502) 581-1087
E-mail:  ccoffman@fbtlaw.com
**Counsel for Larry E. Thompson
and Linda S. Thompson**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2018, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to:

Megan E. Hoffman
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 616-3342
Fax: (202) 514-6866
Megan.e.hoffman-logsdon@usdoj.gov

By:   s/ J. Christopher Coffman
       J. CHRISTOPHER COFFMAN
       *Counsel for Larry E. Thompson*
       *and Linda S. Thompson*